## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THE CONFEDERATED TRIBES** )
**OF THE GRAND RONDE** )
**COMMUNITY OF OREGON** )
9615 Grand Ronde Road )
Grand Ronde, OR 97347 )
)
      Plaintiff, )
)
)
      v. )
)
) Case No. 1:11-cv-00284
**KEN SALAZAR** ) Judge Richard W. Roberts
*in his official capacity as* )
Secretary )
United States Department of the Interior ) **ANSWER OF THE DEFENDANTS TO**
1849 C Street, NW ) **PLAINTIFF'S COMPLAINT FOR**
Washington, DC 20240 ) **DECLARATORY AND INJUNCTIVE**
) **RELIEF**
**LARRY ECHO HAWK** )
in his official capacity as )
Assistant Secretary - Indian Affairs )
United States Department of the Interior )
1849 C Street, NW )
Washington, DC 20240 )
)
**STANLEY M. SPEAKS** )
*in his official capacity as* )
Regional Director, Northwest Region )
Bureau of Indian Affairs )
911 Northeast 11th Avenue )
Portland OR 97232 )
)
**UNITED STATES DEPARTMENT** )
**OF THE INTERIOR** )
1849 C Street, NW )
Washington, DC 20240, )
)
)
      Defendants. )
_____ )

INTRODUCTION

Defendants, Kenneth Salazar, in his official capacity as Secretary of the Interior, Larry

Echohawk, in his official capacity as Assistant Secretary of Indian Affairs, Stanley Speaks, in his

official capacity as Regional Director, Northwest Region - Bureau of Indian Affairs, and the

United States Department of the Interior (collectively referred to herein as "Defendants"), hereby

answer the correspondingly numbered paragraphs of Plaintiff's Complaint for Declaratory and

Injunctive Relief ("Complaint") as follows:


1.      The allegations contained in Paragraph one of the Complaint set forth the

Plaintiff's characterization of this suit and state legal conclusions, to which no response is

required.  To the extent a response is required, Defendants deny the allegations.

NATURE OF ACTION

2.      The allegations contained in Paragraph two of the Complaint set forth the

Plaintiff's characterization of this suit and state legal conclusions, to which no response is

required.  To the extent a response is required, Defendants deny the allegations.

JURISDICTION AND VENUE

3.      The allegations contained in Paragraph three of the Complaint state legal

conclusions, to which no response is required.  To the extent a response is required, Defendants

deny the allegations.

4.      The allegations contained in Paragraph four of the Complaint state legal

conclusions, to which no response is required.  To the extent a response is required, Defendants

deny the allegations.

5.       The allegations contained in Paragraph five of the Complaint state legal

conclusions, to which no response is required.    To the extent a response is required, Defendants

deny the allegations.

PARTIES

6.       Defendants admit the allegations contained in Paragraph six of the Complaint.

7.       Defendants admit the allegations contained in Paragraph seven of the Complaint.

8.       Defendants admit the allegations contained in Paragraph eight of the Complaint.

9.       Defendants admit the allegations contained in Paragraph nine of the Complaint.

10.      Defendants admit the allegations contained in Paragraph ten of the Complaint

FACTS

11.      Defendants admit the allegations contained in the first, second and third sentences

of Paragraph eleven of the Complaint.  Defendants are without knowledge or information

sufficient to determine the truth of the allegations in the fourth sentence of the paragraph, and

therefore deny those allegations.

12.      Defendants admit the allegations contained in the first sentence of Paragraph

twelve of the Complaint.  Defendants are without knowledge or information sufficient to

determine the truth of the allegations in the second sentence of the paragraph, and therefore deny

those allegations.

13.      Defendants admit allegations contained in the first sentence of Paragraph thirteen

of the Complaint.  Defendants are without knowledge or information sufficient to determine the

truth in second sentence of the paragraph, and therefore deny those allegations.

14.     Defendants admit that Spirit Mountain's revenues fund tribal services, but are without knowledge or information sufficient to determine the truth of the remaining allegations of Paragraph fourteen, and therefore deny those allegations.

15.     Defendants admit that the Cowlitz Indians ("Tribe") live in western Washington and maintain governmental offices in Cowlitz and Lewis counties but are without knowledge or information sufficient to determine the truth of the remaining allegations of Paragraph fifteen, and therefore deny those allegations.

16.     The allegations contained in Paragraph sixteen of the Complaint characterize Federal Register notices, each of which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Federal Register notices, Defendants deny the allegations.

17.     Defendants admit that following federal acknowledgment, the Tribe began to seek to have land acquired to be held in trust for the Tribe.  Defendants are without knowledge or information sufficient to determine the truth of the remainder of the allegations in the paragraph , and therefore deny those allegations.

18.      Defendants admit the allegations contained in Paragraph eighteen of the Complaint.

19.     Defendants are without knowledge or information sufficient to determine the truth of Paragraph nineteen, and therefore deny those allegations.

20.     Defendants admit that the Tribe maintains administrative offices located in Longview, Washington and other tribal facilities in Toledo, Washington and deny the remaining allegations contained in the paragraph.

3

21.     Defendants deny the allegations contained in Paragraph twenty-one of the Complaint.

22.     Defendants admit the allegations contained in Paragraph twenty-two of the Complaint.

23.     Defendants admit the allegations contained in the first sentence of Paragraph twenty-three of the Complaint.   Defendants admit that the Tribe submitted an amended application in June 2006.

24.     Defendants admit the allegations contained in the first sentence of Paragraph twenty-four of the Complaint.  The allegations contained in the second sentence of the paragraph state legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations contained in the third sentence of the paragraph characterize a site-specific Class II tribal gaming ordinance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the tribal gaming ordinance, Defendants deny the allegations. The allegations contained in the fourth sentence of the paragraph characterize a regulation, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, Defendants deny the allegations.

25.     The allegations contained in the first and second sentences of Paragraph twenty-five characterize a restored land opinion, which speaks for itself and is the best evidence of its contents.  Defendants are without knowledge or information sufficient to determine the truth of the allegations in the third sentence of the paragraph, and therefore denies those allegations.

26.     The allegations contained in Paragraph twenty-six of the Complaint

4

characterize Federal Register notices, the draft environmental impact statement ("DEIS") and the final environmental impact statement ("FEIS") each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Federal Register notices, FEIS and DEIS, Defendants deny the allegations.

27.     Defendants admit the allegations contained in the first sentence of Paragraph twenty-seven of the Complaint. The allegations contained in the second sentence of paragraph characterize the Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

28.     The allegations contained in Paragraph twenty-eight of the Complaint characterize the ROD, a statute, a regulation and a Supreme Court decision, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, statute, regulation and Supreme Court decision, Defendants deny the allegations.

29.     The allegations contained in Paragraph twenty-nine of the Complaint quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

30.     The allegations contained in Paragraph thirty of the Complaint quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

31.     The allegations contained in Paragraph thirty-one of the Complaint quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

32.     The allegations contained in Paragraph thirty-two of the Complaint quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

33.     The allegations contained in Paragraph thirty-three of the Complaint quote and characterize the ROD and guidelines, each of which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the ROD and the guidelines, Defendants deny the allegations.

34.     The allegations contained in Paragraph thirty-four of the Complaint quote and characterize the ROD, a statute and a regulation, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, statute and regulation, Defendants deny the allegations.

35.     The allegations contained in Paragraph thirty-five of the Complaint characterize the ROD, and quote and characterize regulations, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD and regulations, Defendants deny the allegations.

36.     The allegations contained in Paragraph thirty-six of the Complaint quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

37.     The allegations contained in Paragraph thirty-seven of the Complaint quote and characterize the ROD and FEIS, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

38.     Defendants admit the allegations contained in the Paragraph thirty-eight of the Complaint.

39.     The allegations contained in the first and second sentences of Paragraph thirty-nine of the Complaint characterize the ROD, which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which no response is required.  The allegations contained in the third sentence of the paragraph characterize a Federal Register notice and a regulation, each of which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the ROD, a Federal Register notice and the regulation, Defendants deny the allegations.

40.     Defendants admit that the Secretary's decision authorizes the Tribe to build and operate a casino on the Parcel.  Defendants admit the allegations contained in the second sentence of the paragraph.  The allegations set forth in the third sentence of the paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Federal Register notice, Defendants deny the allegations.

41.     Defendants admit that the Spirit Mountain's revenues fund tribal services and that Grand Ronde provides services and payments to its tribal members.   Defendants are without

knowledge or information sufficient to determine the truth of the remainder of the allegations in Paragraph forty-one of the Complaint, and therefore deny those allegations.

42.     The allegations contained in the third sentence of Paragraph forty-two of the Complaint characterize economic analyses, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the economic analyses, Defendants deny the allegations.  Defendants are without knowledge or information sufficient to determine the truth of the remainder of the allegations in the paragraph, and therefore deny those allegations.

43.     The allegations contained in the first sentence of Paragraph forty-two of the Complaint characterize U.S. Census and other data, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the U.S. Census and other data, Defendants deny the allegations.  Defendants are without knowledge or information sufficient to determine the truth of the allegations in the second and third sentences of the paragraph, and therefore deny those allegations.

44.     Defendants are without knowledge or information sufficient to determine the truth of the allegations in Paragraph forty-four of the Complaint, and therefore deny those allegations.

45.     Defendants are without knowledge or information sufficient to determine the truth of the allegations in the first and second sentences of Paragraph forty-four of the Complaint, and therefore deny those allegations.  The allegations contained in the third sentence of the paragraph state legal conclusions, to which no response is required

46.     Defendants are without knowledge or information sufficient to determine the truth of the allegations in the first, third and fourth sentences of Paragraph forty-four of the Complaint,

and therefore deny those allegations.  The allegations contained in the second sentence of the paragraph characterize a treaty, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the treaty, Defendants deny the allegations.

## COUNT I

47.     Defendants hereby incorporate by reference its answers to Paragraphs one through forty-six of the Complaint.

48.     The allegations contained in Paragraph forty-eight of the Complaint quote and characterize statutes, each of which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which the response is required.  To the extent the allegations are inconsistent with the statutes, Defendants deny the allegations.

49.     The allegations contained in the first sentence of Paragraph forty-nine quote and characterize a statute, which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the statute, Defendants deny the allegations.  The allegations contained in the second sentence of the paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents, and state legal conclusions, to which no response is required. To the extent the allegations are inconsistent with the Supreme Court decision, Defendants deny the allegations.  The allegations contained in the third sentence of the paragraph state legal conclusions, to which the response is required.  To the extent a response is required, Defendants deny the allegations.

50.     The allegations contained in the first sentence of Paragraph fifty of the

Complaint characterize the ROD and a statute, each of which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required. To the extent the allegations are inconsistent with the ROD or the statute, Defendants deny the allegations. The allegations contained in the second and third sentences of the paragraph state legal conclusions, to which the response is required. To the extent a response is required, Defendants deny the allegations.

51.     The allegations contained in the first and second sentences of Paragraph fifty-one of the Complaint state legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

52.     The allegations contained in the first sentence of Paragraph fifty-two of the Complaint characterize a statute, which speaks for itself and is the best evidence of its contents and state legal conclusions, to which no response is required. To the extent the allegations are inconsistent with the statute, Defendants deny the allegations. Defendants admit the allegations in the second sentence of the paragraph. Defendants admit that as of 1934, the Tribe had neither a reservation nor formed a treaty with the Federal government.

53.     The allegations contained in the first sentence of Paragraph fifty-three of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations reference documents, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

54.     The allegations contained in Paragraph fifty-four of the Complaint characterize filings by the Tribe with multiple agencies and a legal opinion issued by NIGC in 2005, each of

which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the filings and the legal opinion issued by NIGC in 2005, Defendants deny the allegations.

55.     The allegations contained in Paragraph fifty-five of the Complaint characterize regulations and guidelines, each of which speaks for itself and is the best evidence of its contents and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the regulations and guidelines, Defendants deny the allegations.

## COUNT II

56.     Defendants hereby incorporate by reference its answers to Paragraphs one through fifty-five of the Complaint.

57.     The allegations contained in Paragraph fifty-seven of the Complaint quote and characterize a statute and regulations, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute and regulations, Defendants deny the allegations.

58.      The allegations contained in Paragraph fifty-eight of the Complaint state legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

59.     The allegations contained in Paragraph five-nine of the Complaint characterize multiple documents, each of which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

60.     The allegations contained in Paragraph sixty of the Complaint characterize an Indian Claims Commission opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, Defendants deny the allegations.

61.     Defendants deny the allegations in the first sentence of Paragraph sixty-one of the Complaint.  The allegations contained in the second sentence of the paragraph quote and characterize an Indian Claims Commission opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, Defendants deny the allegations.  Defendants are without knowledge or information sufficient to determine the truth of the allegations in the third sentence of the paragraph, and therefore denies those allegations.

62.     The allegations contained in Paragraph sixty-two of the Complaint characterize a legal opinion issued by NIGC in 2005, which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the legal opinion, Defendants deny the allegations.

63.     The allegations contained in the first sentence of Paragraph sixty-three of the Complaint characterize multiple documents, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.  The second and third sentences of the paragraph state legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

64.     The allegations contained in the first sentence of Paragraph sixty-four of the

12

Complaint characterize a legal opinion issued by NIGC in 2005, which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required. To the extent the allegations are inconsistent with the legal opinion, Defendants deny the allegations. Defendants are without knowledge or information sufficient to determine the truth of the allegations in the second sentence of the paragraph, and therefore deny those allegations. The third sentence of the paragraph state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.    The allegations contained in the first sentence of Paragraph sixty-five of the Complaint characterize the ROD, which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required. To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations. The second sentence of the paragraph state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

66.    Defendants deny the allegations contained in Paragraph sixty-six of the Complaint.

### COUNT III

67.    Defendants hereby incorporate by reference its answers to Paragraphs one through sixty-six of the Complaint.

68.    The allegations contained in Paragraph sixty-eight of the Complaint characterize the FEIS, a statute and regulations, each of which speaks for itself and is the best evidence of its contents and state legal conclusions to which no response is required and state legal conclusions,

to which no response is required.  To the extent the allegations are inconsistent with the FEIS, statute and regulations, Defendants deny the allegations.

69.     The allegations contained in the first sentence of Paragraph sixty-nine of the Complaint characterize the FEIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations. Defendants are without knowledge or information sufficient to determine the truth of the allegations in the second sentence of the paragraph, and therefore deny those allegations.

70.     The allegations contained in Paragraph seventy of the Complaint characterize the FEIS, which speaks for itself and is the best evidence of it contents. To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.

71.     The allegations contained in Paragraph seventy-one of the Complaint characterize the FEIS, a statute and regulations, which each speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, statute and regulations, Defendants deny the allegations.

72.     The allegations contained in the first and second sentences of Paragraph seventy-two of the Complaint characterize the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.  Defendants are without knowledge or information sufficient to determine the truth of the allegations contained in the third sentence of the paragraph, and therefore deny the allegations.

73.     The allegations contained in the first sentence of Paragraph seventy-three of the Complaint characterize the ROD and FEIS, each of which speaks for itself and is the best

14

evidence of its contents.   To the extent the allegations are inconsistent with the ROD and FEIS, Defendants deny the allegations. The allegations contained in the second sentence of the paragraph characterize regulations, each of which speaks for itself and is the best evidence of its contents and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the regulations, Defendants deny the allegations.

74.    The allegations contained in Paragraph seventy-four of the Complaint characterize the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.

75.    The allegations contained in Paragraph seventy-five of the Complaint characterize the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, Defendants deny the allegations.

76.    The allegations contained in Paragraph seventy-six of the Complaint characterize characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

77.    The allegations contained in Paragraph seventy-seven of the Complaint characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, Defendants deny the allegations.

78.    Defendants deny the allegations contained in Paragraph seventy-eight of the Complaint.

## **ANSWER TO REQUESTED RELIEF**

The remainder of the Complaint, including the WHEREFORE clause and paragraphs that follow, contain Plaintiff's requests for relief to which no responsive pleading is required.  To

15

the extent that any response to those portions of the Complaint is deemed to be required,

Defendants deny all of the allegations set forth therein and deny that Plaintiffs are entitled to any

of the relief requested, or to any other forms of relief.

## **GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint that has not herein been

specifically admitted or responded to.


Dated: June 10, 2011                         Respectfully submitted,

                                             IGNACIA S. MORENO
                                             Assistant Attorney General
                                             Environment and Natural Resources Division

                                             /s/ Samantha Klein Frank
                                             SAMANTHA KLEIN FRANK
                                             U.S. Department of Justice
                                             United States Department of Justice
                                             Environment and Natural Resources Division
                                             Natural Resources Section
                                             P.O. Box 663
                                             Washington, D.C. 20044-0663
                                             Phone: (202) 305-0474
                                             Fax: (202) 305-0506
                                             E-mail: samantha.frank@usdoj.gov


OF COUNSEL:

DOUGLAS WOLF
United States Department of the Interior
Office of the Solicitor
1849 C Street
Mailstop 6513
Washington, D.C. 20240