## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON<br>9615 Grand Ronde Road<br>Grand Ronde, OR 97347<br><br>*Plaintiff,*<br><br>v.<br><br>KEN SALAZAR<br>*in his official capacity as* Secretary<br>United States Department of the Interior<br>1849 C Street, NW<br>Washington, DC 20240<br><br>LARRY ECHO HAWK<br>*in his official capacity as*<br>Assistant Secretary - Indian Affairs<br>United States Department of the Interior<br>1849 C Street, NW<br>Washington, DC 20240<br><br>STANLEY M. SPEAKS<br>*in his official capacity as*<br>Regional Director, Northwest Region<br>Bureau of Indian Affairs<br>911 Northeast 11th Avenue<br>Portland OR 97232<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>*Defendants.*<br><br>COWLITZ INDIAN TRIBE, a federally recognized Indian Tribe<br>c/o Hon. William Iyall, Chairman<br>Tribal Headquarters, P.O. Box 2547<br>Longview, WA 98632<br><br>*Intervenor.* | Case No. 1:11-cv-00284<br>Judge Richard W. Roberts<br><br>**PROPOSED ANSWER OF INTERVENOR COWLITZ INDIAN TRIBE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Intervenor Cowlitz Indian Tribe ("Tribe" or "Intervenor"), a federally-recognized Indian Tribe, submits this Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiff The Confederated Tribes of the Grand Ronde Community. The Tribe hereby answers the correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTORY STATEMENT

1.     The allegations contained in Paragraph one of the Complaint set forth the Plaintiff's characterization of this suit and state legal conclusions, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

## NATURE OF ACTION

2.     The allegations contained in Paragraph two of the Complaint set forth the Plaintiff's characterization of this suit and state legal conclusions, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

## JURISDICTION AND VENUE

3.     The allegations contained in Paragraph three of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

4.     The allegations contained in Paragraph four of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

5.     The allegations contained in Paragraph five of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

## PARTIES

6.     Intervenor admits the allegations contained in Paragraph six of the Complaint.

7.      Intervenor admits the allegations contained in Paragraph seven of the Complaint.

8.      Intervenor admits the allegations contained in Paragraph eight of the Complaint.

9.      Intervenor admits the allegations contained in the first and last sentences of Paragraph nine of the Complaint.  Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in the second sentence of Paragraph nine of the Complaint.

10.     Intervenor admits the allegations contained in Paragraph ten of the Complaint.

<u>FACTUAL BACKGROUND</u>

**I.      The Present Dispute**

11.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph eleven of the Complaint, and therefore denies those allegations.

12.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in Paragraph twelve of the Complaint, and therefore denies those allegations.

13.     Intervenor admits the allegations contained in the first sentence of Paragraph thirteen of the Complaint.  Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in the second sentence of Paragraph thirteen of the Complaint, and therefore denies those allegations.

14.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in Paragraph fourteen of the Complaint, and therefore denies those allegations.

15.     Intervenor admits that the Tribe is located in southwestern Washington and maintains governmental offices in Cowlitz and Lewis counties.  The remainder of the allegations in

Paragraph fifteen constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

16.     The allegations contained in Paragraph sixteen of the Complaint characterize Federal Register notices, which speak for themselves.  To the extent that the allegations are inconsistent with the Federal Register notices, Intervenor denies the allegations.

17.      Intervenor admits that following its federal recognition, it sought to have the federal government acquire the Parcel in trust for the Tribe, but denies the remaining allegations in the paragraph.

18.     Intervenor admits the allegations contained in Paragraph eighteen of the Complaint.

19.     Intervenor denies the allegations contained in Paragraph nineteen of the Complaint.

20.     Intervenor admits that it maintains administrative offices in Longview, Washington and other tribal facilities in Toledo, Washington but denies the remaining allegations in the paragraph.

21.     Intervenor denies the allegations contained in Paragraph twenty-one of the Complaint.

22.     Intervenor admits the allegations contained in Paragraph twenty-two of the Complaint.

23.     Intervenor admits the allegations contained in the first sentence of Paragraph twenty-three of the Complaint.  Intervenor admits that the Tribe submitted an amended application in June 2006.

24.     Intervenor admits the allegations contained in the first sentence of Paragraph twenty-four of the Complaint.  The allegations contained in the second sentence of the paragraph state legal conclusions, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.  Intervenor denies the allegations contained in the third sentence

of the paragraph. The allegations contained in the fourth sentence of the paragraph characterize a regulation, which speaks for itself, but which regulation was not in effect at the time the Cowlitz tribal gaming ordinance was under consideration by the National Indian Gaming Commission (NIGC). To the extent that the allegations in the fourth sentence are inconsistent with the regulation or that the regulation is inapplicable, Intervenor denies those allegations.

25.    The allegations contained in the first and second sentences of Paragraph twenty-five characterize the NIGC restored lands opinion, which speaks for itself. To the extent the allegations are inconsistent with the restored lands opinion, Intervenor denies the allegations. The allegations in the third sentence of Paragraph twenty-five characterize the NIGC decision to approve the gaming ordinance, which speaks for itself.

26.    The allegations contained in Paragraph twenty-six of the Complaint characterize a federal statute, Federal Register notices, the draft environmental impact statement ("DEIS") and the final environmental impact statement ("FEIS"), each of which speaks for itself. To the extent the allegations are inconsistent with the federal statute, the Federal Register notices, the DEIS and FEIS, Intervenor denies the allegations.

## II.    The Decision Below

27.    Intervenor admits the allegations contained in the first sentence of Paragraph twenty-seven of the Complaint. The allegations contained in the second sentence of the paragraph characterize the Record of Decision ("ROD"), which speaks for itself. To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

28.    The allegations contained in Paragraph twenty-eight of the Complaint characterize the ROD, a statute, a regulation and a Supreme Court decision, each of which speaks for itself. To the extent the allegations are inconsistent with the ROD, statute, regulation and Supreme Court decision, Intervenor denies the allegations.

29.     The allegations contained in Paragraph twenty-nine of the Complaint quote and characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

30.     The allegations contained in Paragraph thirty of the Complaint quote and characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

31.     The allegations contained in Paragraph thirty-one of the Complaint quote and characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

32.     The allegations contained in Paragraph thirty-two of the Complaint quote and characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

33.     The allegations contained in Paragraph thirty-three of the Complaint quote and characterize the ROD and the BIA Guidelines for Proclamations, each of which speaks for itself, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the ROD and the guidelines, or to the extent a response to the allegations is otherwise required, Intervenor denies the allegations.

34.     The allegations contained in Paragraph thirty-four of the Complaint quote and characterize the ROD, a statute and a regulation, each of which speaks for itself.  To the extent the allegations are inconsistent with the ROD, statute and regulation, Intervenor denies the allegations.

35.     The allegations contained in Paragraph thirty-five of the Complaint characterize the ROD, and quote and characterize regulations, each of which speaks for itself.  To the extent the allegations are inconsistent with the ROD and regulations, Intervenor denies the allegations.

36.     The allegations in Paragraph thirty-six of the Complaint quote and characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

37.     The allegations in Paragraph thirty-seven of the Complaint quote and characterize the ROD and FEIS, which speak for themselves.  To the extent the allegations are inconsistent with the ROD and FEIS, Intervenor denies the allegations.

38.     Intervenor admits the allegations contained in Paragraph thirty-eight of the Complaint.

III.    **Taking the Cowlitz Parcel in Trust, Proclaiming A Reservation, And Authorizing Gaming Would Significantly Harm Grand Ronde**

39.     The allegations contained in the first and second sentences of Paragraph thirty-nine of the Complaint characterize the ROD, which speaks for itself, and state legal conclusions, to which no response is required.  The allegations contained in the third sentence of the paragraph characterize a Federal Register notice and a regulation, each of which speaks for itself, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the ROD, the Federal Register notice and the regulation, or to the extent a response is otherwise required, Intervenor denies the allegations.

40.     Intervenor admits that "if the Secretary's decision is allowed to stand," the Tribe intends to build and operate a casino on the Parcel, but whether the Secretary's decision alone authorizes the Tribe to build and operate a casino on the Parcel is a conclusion of law to which no response is required.  To the extent a response is required, Intervenor denies the allegations. Intervenor admits the allegations contained in the second sentence of the paragraph.  The allegations set forth in the third sentence of the paragraph characterize a Federal Register notice, which speaks for itself.  To the extent the allegations are inconsistent with the Federal Register notice, Intervenor denies the allegations.

41.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in Paragraph forty-one of the Complaint, and therefore denies the allegations.

42.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in Paragraph forty-two of the Complaint, and therefore denies those allegations.

43.     The allegations contained in the first sentence of Paragraph forty-three of the Complaint characterize U.S. Census and other data, each of which speaks for itself.  To the extent the allegations are inconsistent with the U.S. Census and other data, Intervenor denies the allegations.  Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in the second and third sentences of Paragraph forty-three of the Complaint, and therefore denies those allegations.

44.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in Paragraph forty-four of the Complaint, and therefore denies the allegations.

45.     Intervenor is without knowledge or information sufficient to determine the truth to the allegations contained in the first and second sentences of Paragraph forty-five of the Complaint, and therefore denies the allegations.  The allegations contained in the third sentence of the paragraph state legal conclusions, to which no response is required.   To the extent a response is required, Intervenor denies the allegations.

46.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations in the first and third sentences of Paragraph forty-six of the Complaint, and therefore denies the allegations.  The allegations in the second sentence of the paragraph characterize a treaty, which speaks for itself.  To the extent the allegations are inconsistent with the treaty, Intervenor

denies the allegations.  The allegations in the fourth sentence of the paragraph set forth the Plaintiff's characterization of its claims and conclusions of law, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

<u>COUNT I</u>

47.     Intervenor hereby incorporates by reference its answers to Paragraphs one through forty-six of the Complaint.

48.     The allegations contained in Paragraph forty-eight of the Complaint quote and characterize federal statutes, each of which speaks for itself, and state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

49.     The allegations contained in the first sentence of Paragraph forty-nine quote and characterize a statute, which speaks for itself, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the statute, or otherwise require a response, Intervenor denies the allegations.  The allegations contained in the second sentence of the paragraph characterize a Supreme Court decision, which speaks for itself, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the Supreme Court decision, or otherwise require a response, Intervenor denies the allegations.  The allegations contained in the third sentence of the paragraph state legal conclusions, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

50.     The allegations contained in the first sentence of Paragraph fifty of the Complaint characterize the ROD and a statute, each of which speaks for itself, and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the ROD and the statute, or otherwise require a response, Intervenor denies the allegations.  Intervenor denies the remainder of the allegations in Paragraph fifty.

51.     Intervenor denies the allegations contained in the first sentence of Paragraph fifty-one of the Complaint.  The allegations in the second sentence of the paragraph state a legal conclusion, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

52.     The allegations in the first sentence of Paragraph fifty-two of the Complaint set forth the Plaintiff's characterization of its claims and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.  Intervenor admits the allegations in the second sentence in Paragraph fifty-two.  Intervenor admits that as of 1934, the Tribe had not been granted a reservation, nor had it formed a treaty with the federal government.

53.     Intervenor denies the allegations contained in Paragraph fifty-three of the Complaint.

54.     Intervenor denies the allegations contained in the first and second sentences of Paragraph fifty-four of the Complaint.  The allegations in the third sentence of the paragraph characterize a legal opinion issued by NIGC in 2005, which speaks for itself.  To the extent the allegations are inconsistent with the NIGC legal opinion, Intervenor denies the allegations.

55.     The allegations contained in Paragraph fifty-five of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

COUNT II

56.     Intervenor hereby incorporates by reference its answers to Paragraphs one through fifty-five of the Complaint.

57.     The allegations contained in Paragraph fifty-seven of the Complaint quote and characterize a statute and regulations, each of which speaks for itself.  To the extent the allegations are inconsistent with the statute and regulations, Intervenor denies the allegations.

11

58.     The allegations contained in Paragraph fifty-eight of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

59.     The allegations contained in Paragraph fifty-nine of the Complaint set forth the Plaintiff's characterization of its claims and conclusions of law, to which no response is required. To the extent a response is required, Intervenor denies the allegations.

60.     The allegations contained in Paragraph sixty of the Complaint characterize an Indian Claims Commission opinion, which speaks for itself.  To the extent the allegations are inconsistent with the opinion, Intervenor denies the allegations.

61.     Intervenor denies the allegations contained in the first and third sentences of Paragraph sixty-one of the Complaint.  The allegations contained in the second sentence of the paragraph quote and characterize an Indian Claims Commission opinion, which speaks for itself.  To the extent the allegations are inconsistent with the Indian Claims Commission opinion, or otherwise require a response, Intervenor denies the allegations.

62.     The allegations contained in Paragraph sixty-two of the Complaint characterize a legal opinion issued by the NIGC in 2005, which speaks for itself, and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the NIGC legal opinion, or otherwise require a response, Intervenor denies the allegations.

63.     Intervenor denies the allegations contained in the first sentence of Paragraph sixty-three of the Complaint.  The allegations contained in the second sentence of Paragraph sixty-three state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.  Intervenor denies the allegations contained in the third sentence of Paragraph sixty-three of the Complaint.

64.     The allegations contained in the first sentence of Paragraph sixty-four of the Complaint characterize a legal opinion issued by the NIGC in 2005, which speaks for itself, and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the legal opinion, or otherwise require a response, Intervenor denies the allegations.  The allegations in the second and third sentences of the paragraph set forth the Plaintiff's characterization of its claims and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

65.     The allegations contained in Paragraph sixty-five of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

66.     The allegations contained in Paragraph sixty-six of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

<u>COUNT III</u>

67.     Intervenor hereby incorporates by reference its answers to Paragraphs one through sixty-six of the Complaint.

68.     The allegations contained in Paragraph sixty-eight of the Complaint characterize the FEIS, a statute and regulations, each of which speaks for itself, and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the FEIS, statue and regulations, or otherwise require a response, Intervenor denies the allegations.

69.     The  allegations contained in the first sentence of Paragraph sixty-nine of the Complaint characterize the FEIS, which speaks for itself.  To the extent the allegations are inconsistent with the FEIS, Intervenor denies the allegations.  Intervenor is without knowledge or

information sufficient to determine the truth of the allegations in the second sentence of the paragraph, and therefore denies the allegations.

70.     The allegations contained in Paragraph seventy of the Complaint characterize the FEIS, which speaks for itself.  To the extent the allegations are inconsistent with the FEIS, Intervenor denies the allegations.

71.     The allegations contained in Paragraph seventy-one of the Complaint characterize the FEIS, a statute and regulations, each of which speaks for itself, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the FEIS, statute and regulations, or otherwise require a response, Intervenor denies the allegations.

72.     Intervenor denies the allegations contained in the first sentence of Paragraph seventy-two of the Complaint.  The allegations in the second sentence of the paragraph characterize the FEIS, which speaks for itself.  To the extent the allegations are inconsistent with the FEIS, Intervenor denies the allegations.  Intervenor is without knowledge or information sufficient to determine the truth of the allegations contained in the third sentence of the paragraph, and therefore denies the allegations.

73.     The allegations contained in the first sentence of Paragraph seventy-three of the Complaint characterize the ROD and the FEIS, each of which speaks for itself.  To the extent the allegations are inconsistent with the ROD and FEIS, Intervenor denies the allegations.  The allegations contained in the second sentence of the paragraph state legal conclusions, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

74.     The allegations contained in Paragraph seventy-four of the Complaint characterize the FEIS, which speaks for itself.  To the extent the allegations are inconsistent with the FEIS, Intervenor denies the allegations.

14

75.     The allegations contained in Paragraph seventy-five of the Complaint characterize the FEIS, which speaks for itself.  To the extent the allegations are inconsistent with the FEIS, Intervenor denies the allegations.

76.     The allegations contained in Paragraph seventy-six of the Complaint characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

77.     The allegations contained in Paragraph seventy-seven of the Complaint characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

78.     The allegations contained in Paragraph seventy-eight of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

<u>ANSWER TO REQUESTED RELIEF</u>

The remainder of the Complaint, including the WHEREFORE clause and paragraphs that follow, contain the Plaintiff's requests for relief to which no responsive pleading is required.  To the extent any response to those portions of the Complaint is deemed to be required, Intervenor denies all the allegations set forth therein and deny that Plaintiff is entitled to any of the relief requested, or to any other forms of relief.

<u>GENERAL DENIAL</u>

Intervenor denies each and every allegation of the Complaint that has not been specifically admitted or responded to herein.

Dated: July 13, 2011

Respectfully Submitted,

/s/Robert D. Luskin
Robert D. Luskin (DC Bar No. 293621)
V. Heather Sibbison (DC Bar No. 422632)
Edward D. Gehres, III (DC Bar No. 478565)
Suzanne Schaeffer (DC Bar No. 429735)
PATTON BOGGS LLP
2550 M Street NW
Washington DC  20037
P: 202.457.6000
F: 202.457.6315
rluskin@pattonboggs.com
hsibbison@pattonboggs.com
egehres@pattonboggs.com
sschaeffer@pattonboggs.com

*Counsel for the Cowlitz Indian Tribe*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2011, I electronically filed the foregoing Proposed Answer using the CM/ECF system which will send notification of such filing to all counsel of record.


By : /s/Edward D. Gehres, III
     Edward D. Gehres, III

*Counsel for the Cowlitz Indian Tribe*