```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                      )
**CONFEDERATED TRIBES OF THE**        )
**GRAND RONDE COMMUNITY OF**          )
**OREGON,**                           )
                                      )
    **Plaintiff,**          )
                                      )
    v.                      )     Civil Action No. 11-284 (RWR)
                                      )
**KEN SALAZAR et al.,**               )
                                      )
    **Defendants.**         )
_____       )

## MEMORANDUM ORDER

The federal defendants have moved for voluntary remand and stay of this litigation, arguing that the Department of the Interior intends to carefully review certain documents that the plaintiffs provided in connection with the pending summary judgment briefing and to reconsider the initial reservation gaming determination that plaintiffs challenge in the present suit.  The federal defendants, along with the intervenor-defendant have also moved for an extension or stay of the briefing schedule.  According to the defendants, "DOI's review of the challenged decision could result in reversal of the initial reservation determination," which "could render moot or otherwise resolve some or all of the Plaintiff's claims."  (Fed. Defs.' Mot. for Voluntary Remand and Stay of the Litigation and Mem. in Supp. Thereof ("Fed. Defs.' Mot. Remand") at 9.)  The Department "proposes to review the initial reservation determination by

-2-

September 25, 2012," by reviewing the administrative record and the supplemental administrative record documents that include the documents provided by the plaintiffs.  (Id. at 10.)  The federal defendants propose to file a status report within 30 days of the order to remand.  The intervenor-defendant, Cowlitz Indian Tribe, does not oppose the federal defendants' motion for voluntary remand.  The plaintiffs, however, oppose the defendants' motions, arguing that the defendants have had adequate time to review all relevant facts, that the plaintiffs' claims may be resolved on the basis of the threshold issue of the Secretary of the Interior's authority to issue the challenged decision, and that the defendants plan to adopt a legally erroneous position based on the additional factual material.

Principles of judicial economy counsel in favor of affording the federal defendants a reasonable opportunity to reconsider and potentially rescind the challenged determination.  See Rohr Industries v. Washington Metro Area Transit Auth., 720 F.2d 1319, 1325 (D.C. Cir. 1983) ("Courts are certainly empowered to delay action where there is a likelihood that a related, though not identically overlapping agency action may produce results that will render the complex fact pattern simple, or the lengthy proceeding short.").  An extension will conserve judicial resources, as well as those of the parties, by preventing litigation that may be premature or moot.  The plaintiffs have not articulated any prejudice to them that would result from a

-3-

limited delay to this end.  Neither a remand nor a stay, however, is necessary to enable the federal defendants to review and reconsider the determination.  Instead, the deadline for the defendants to file oppositions to the plaintiffs' summary judgment motion will be extended.  Should the federal defendants decide in the interim to rescind or otherwise alter their determination, they shall file promptly a notice of such action.  Accordingly, it is hereby

ORDERED that the Federal Defendants' Motion for Voluntary Remand and Stay of the Litigation [48] be, and hereby is, DENIED.  It is further

ORDERED that the Federal Defendants' and the Cowlitz Indian Tribe's Motions [49, 52] for Extension or Stay of Briefing Schedule and Request for Expedited Consideration be, and hereby are, GRANTED IN PART and DENIED IN PART.  The briefing schedule is extended as follows: The defendants' cross motions and responses to the plaintiffs' summary judgment motion shall be due October 5, 2012, the plaintiffs' replies and oppositions shall be due November 5, 2012, and the defendants' replies shall be due November 26, 2012.  The request for a stay is denied.

SIGNED this 29th day of August, 2012.

                                                /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge